Filed 5/26/16  P. v. Ostrowsky CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>EDWARD ANTHONY OSTROWSKY,<br><br>          Defendant and Appellant. | A143248<br>A143892<br><br>(City and County of San Francisco<br>  Super. Ct. Nos. SCN221633,<br>  SCN219882) |

Defendant Edward Anthony Ostrowsky appeals from a judgment rendered in Superior Court No. SCN219882 (Case No. A143892) and a judgment rendered in Superior Court No. SCN221633(Case No. A143248).  For the reasons we explain below, we shall dismiss the appeals.

Superior Court No. SCN219882.  In May 2013, defendant pleaded guilty to the felony offense of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), and in June 2013, the court suspended imposition of sentence and placed defendant on formal probation for a period of three years.  On September 9, 2014, following the revocation of probation, the court reinstated the probationary term but extended the term of probation to September 2018.  On December 1, 2014, the court granted defendant's request to reduce the felony conviction to a misdemeanor pursuant to Proposition 47 (Pen. Code, § 1170.18), and, on December 9, 2014, the court resentenced

1

defendant to a term of 360 days in county jail with credit for time served of 360 days and terminated probation.

Superior Court No. SCN221633. After a jury trial defendant was convicted of misdemeanor possession of clonazepam (Health & Saf. Code, § 11375, subd. (b)(2)) (count two), misdemeanor possession of alprazolam (Health & Saf. Code, § 11375, subd. (b)(2)) (count four), and felony possession of buprenorphine/nalexone hydrochloride (Health & Saf. Code, § 11350, subd. (a)) (count five). At sentencing on September 9, 2014, the court denied defendant's request to be placed on probation under Proposition 36 (Pen. Code, § 1201.1). In accordance with Penal Code section 1170, subdivisions (h), the court suspended imposition of sentence and then imposed the middle term of two years for the felony conviction (count five) to be served in the following manner: 12 months in either the county jail or a residential drug treatment program and then 12 months on mandatory community supervised parole administered through the adult probation department. The court also imposed concurrent terms of 30 days for each misdemeanor conviction (counts two and four) with credit for time served of 41 days.

In his opening brief, defendant challenges only the sentence imposed on the felony conviction under Health and Safety Code section 11350, subdivision (a) (count five) in Superior Court No. SCN221633. He argues that with respect to that sentence, the trial court erred in denying his request to be placed on probation under Proposition 36 and in imposing a sentence of more than 30 days. Defendant further argues that if this court vacates his sentence, on remand he will be eligible to be resentenced under Proposition 47. He therefore asks us to vacate the sentence on count five, reduce his felony conviction to a misdemeanor, and remand the matter for resentencing under Proposition 47. However, while this appeal was pending, the trial court granted defendant's request to be resentenced on the felony conviction (count five) under Proposition 47. On September 15, 2015, the trial court reduced the felony conviction (count five) to a misdemeanor pursuant to Proposition 47 and terminated defendant's postrelease community supervision.

Accordingly, we dismiss the appeal in A143248 concerning the September 9, 2014, judgment rendered in Superior Court No. SCN221633, because the trial court has already granted defendant the relief he has requested on his appeal in this court. We also dismiss the appeal in A143892 concerning the December 9, 2014, judgment rendered in Superior Court No. SCN219882, because defendant does not raise any issues challenging that judgment in his opening brief.

## DISPOSITION

The appeals are dismissed.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

*People v. Edward Anthony Ostrowsky*, A143248 and A143892